Presly VAL, Petitioner,

v.

Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.

No. 07–1091–ag.

United States Court of Appeals, Second Circuit.

Dec. 13, 2007.

Justin Conlon, North Haven, CN, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Lisa M. Arnold, Senior Litigation Counsel; Jamie M. Dowd, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Presly Val, a citizen of Haiti, seeks review of a February 21, 2007 order of the BIA affirming the June 24, 2005 decision of Immigration Judge ("IJ") Michael W. Straus denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Val,* No. A98 398 961 (B.I.A. Feb. 21, 2007), *aff'g* No. A98 398 961 (Immig. Ct. Hartford June 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA does not affirm or adopt the IJ's adverse credibility finding, we review the BIA's decision and assume without determining the petitioner's credibility. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005) ("[T]he BIA indicated explicitly that it was deciding the case on the assumption, contrary to the IJ's finding, that Chen's testimony was

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

credible. Accordingly, we review the decision of the BIA.... [W]e assume, but do not determine, Chen's credibility....").

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Tao Jiang v. Gonzales,* 500 F.3d 137, 140 (2d Cir.2007). We review questions of law *de novo,* including the application of law to fact. *Id.*

■ We find that the record supports the agency's finding that, even assuming Val was persecuted in the past, a fundamental change in circumstances in Haiti rebutted any presumption of a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). Val testified that he had been persecuted as a member of Haiti's MOCHRENA party, an opposition party that sought the ouster of the ruling Lavalas party and its leader, Jean Bertrand Aristide. Val described several incidents that he alleged constituted persecution. In one such incident, a group of bandits burned down Val's house, while during another, he was beaten until he fainted and was hospitalized. The BIA concluded that these attacks could constitute persecution.

A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution, but that presumption can be defeated if the government demonstrates a fundamental change in conditions in the country of origin. *Id.*; *Islami v. Gonzales,* 412 F.3d 391, 394 n. 3 (2d Cir.2005). Here, as the agency noted, eight days after Val arrived in the United States, Jean Bertrand Aristide's Lavalas government collapsed, and President Aristide fled Haiti. Importantly, the agency found that the rebel forces that overthrew Aristide began their efforts in Val's home-

town of Gonaïves, and that there was "no evidence that Lavalas gangs are active in Gonaïves." Although the record reflects some general, ongoing violence in Haiti, including reports of *arbitrary* killings by Aristide supporters, the agency found that under the interim government, *systematic* state-orchestrated abuses had stopped. Indeed, there is no evidence in the record that members of the MOCHRENA party are currently targeted in Haiti, or that there is a pattern of persecution of anti-Aristide parties. Accordingly, the agency properly found that the fundamental change in circumstances in Haiti rebutted any presumption of a well-founded fear of persecution based on Val's political opinion. *See Islami v. Gonzales,* 412 F.3d 391 (2d Cir.2005); *Matter of Chen,* 20 I. & N. Dec. 16, 18 (BIA 1989).

■ Having found that the government rebutted the presumption, the agency properly considered whether Val merited a discretionary grant of asylum because of the severity of the past persecution that he suffered or the likelihood that serious harm not attributable to persecution would follow removal. *See* 8 C.F.R. § 1208.13(b)(1)(iii); *Jalloh v. Gonzales,* 498 F.3d 148 (2d Cir.2007). Val did not challenge the agency's denial of this relief before this Court and, as such, we deem it waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Because Val was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal when both of his claims relied on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).[2]

---

**2.** In his brief, Val explicitly waives any challenge to the denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).